Robert CUNNINGHAM, Plaintiff,

v.

Daryl GATES, et. al., Defendants.

Armand Soly, et. al., Plaintiffs,

v.

Daryl Gates, et. al., Defendants.

Grover Smith, et al., Plaintiffs,

v.

Daryl Gates, et al., Defendants.

D. Lyons, et al., Plaintiffs,

v.

Daryl Gates, et al., Defendants.

G. Nicoletti, et al., Plaintiffs,

v.

Daryl Gates, et al., Defendants.

Michael Smith, Plaintiff,

v.

City of Los Angeles, et al., Defendants.

Nos. CV96–2666 JSL, CV96–4157 JSL, CV97–1286 JSL, CV97–1836 JSL, CV97–2377 JSL, CV97–8430 JSL.

United States District Court, C.D. California.

April 12, 1999.

Stephen Yagman, Yagman & Yagman, Venice, CA, Richard H. Millard, Joseph Reichman, Los Angeles, CA, Kathryn S. Bloomfield, Studio City, CA, Edward F. Figaredo, El Monte, CA, for plaintiffs.

Cory Brent, Deputy City Attorney, Los Angeles, CA, Louis R. Miller, Christensen, Miller, Fink, Jacobs, Glasser, Weil & Shapiro, Los Angeles, CA, Russell Sauer, Special Master, Latham & Watkins, Los Angeles, CA, for defendants.

ORDER OF RECUSAL

LETTS, District Judge.

After months of sober reflection, I have concluded that I should recuse myself from further proceedings in the above-captioned cases. (For convenience of reference, the cases are referred to hereafter as one case.) The timing of this action reflects the convergence of several factors. One is that the case remains stayed pending pretrial appeals, and none of the issues presently on appeal seems likely to be decided definitively by the Ninth Circuit in the near future. It appears that the parties are still in the process of briefing at least one of the issues and that no argument has

yet been scheduled. The issues are sufficiently numerous and complex that there is no reason to expect a quick decision once all of the matters have been submitted.

Once the panel does render a decision, a request to have the decision reviewed *en banc* is likely to follow. The issues relating to how qualified immunity applies to public official defendants whose decisions whether and how to acquire relevant information, and to act or not act, occur over time—as opposed to police officer defendants whose decisions must be made in the press of immediate circumstances—is just one of the issues that must be carefully considered. Considering the importance of legal certainty with respect to these issues to persons holding positions of public trust, it seems desirable for the Ninth Circuit to clarify and define the relevant duties, if any, across as broad a spectrum as possible, and to have the decisions backed by as broad a consensus of the court as possible. For this reason, *en banc* review seems likely to be granted. For the same reasons, when the Ninth Circuit proceedings are complete, a petition to the Supreme Court for *writ of certiorari* presumably will follow. It too may well be granted.

Thus, it has become increasingly likely that before any final appellate decision is reached, I will not be available to try the case. Within two years, at age 66, I will either retire or take senior status. As the time approaches, and as the attractiveness of senior status is being eroded, it is becoming increasingly likely that I will retire. Even if I do not retire, after achieving senior status, I would not feel duty-bound to try a case of this kind, and would not expect to do so.

Although it is certainly possible that all of the necessary appellate proceedings will be concluded in time for me to conduct the trial while still on active status, it seems equally, if not more, likely that they will not. If this case is ever to be reassigned, it seems far preferable that it be done now, when an orderly transition is possible

and the new judge can become familiar with the case without pressure to put the case immediately to trial.

Moreover, because of the unusual procedural posture of the case, it is unlikely that the identity of the trial judge will have any material impact on how the trial is conducted. Unlike most cases, the significant pre-trial decisions in this case have been appealed, and will have been decided before the trial. While different trial judges might have had different views as to many of these issues in advance, the issues to be tried and the scope of the relevant evidence should be sufficiently defined on appeal so that any decisions by the trial judge of the remaining issues will have little significant bearing on the outcome of the case.

The legal issues legitimately raised on appeal will require thorough study and careful analysis. No matter how they are decided, serious, but unavoidable, differences of opinion may still exist as to whether the decisions served the best interests of justice. So long as I remain the trial judge, however, it appears that each successive appellate tribunal will be asked not only to decide the legal issues on which the case will ultimately turn, but also to consider anew whether, when the case is returned for trial, it should be assigned to some other judge. Throughout the proceedings, defendants have repeatedly alleged that I harbor, or appear to harbor, some deep-seated bias against the defendant police officers, and indeed against all police officers. So long as this allegation remains an issue in the case, it is calculated to produce extraordinary waste of lawyer and judicial resources. It has already done so. It is also calculated to distort public and private perceptions concerning what the case is about, and to deflect attention away from the true issues of the case. It has already done this as well.

Over time, the fact that the allegation is untrue has become almost beside the point. The fact that any appearance of

truth has been wholly manufactured by defense counsel, presumably for the purpose of deflecting attention from the substance of some of the rulings in the case has become almost irrelevant as well. The public official defendants in this case are well-known public figures. They have gained widespread recognition and approval in the community for their public service. I have never intentionally suggested, in any way, that they are not entitled to the respect they have been accorded. None of my rulings or opinions has ever questioned the personal integrity of any of these defendants, or accused any of them of immoral or unethical conduct.

I have said, however, both by ruling and opinion, that a jury could find that the conduct of the public official defendants, in the exercise of their respective duties to investigate and control the allegedly unconstitutional conduct of the defendant police officers, has fallen below the relevant legal standard. In the circumstances of this case, this would be a harsh jury finding. It surely would be very difficult for any of these defendants to accept it as justified. As a result, it would seem quite natural for them to want to believe that *no* fair-minded juror could make such findings, and that a judge who would suggest that it is possible must be biased against them. For this reason, I suspect that, with the encouragement given them by their counsel, at least some of the defendants actually do believe that the rulings against them have sprung from bias rather than reason.

This is a regrettable circumstance. If any of the defendants truly believes that he can receive a fair trial only if another judge is assigned to the case, to have the case reassigned might seem a simple and desirable solution. Neither the problem

nor the solution, however, is that simple. Because it is far too easy for parties to believe unfounded charges of judicial bias, it cannot be the rule that whenever a party believes that a judge is biased, the case should be reassigned.[1]

As to non-frivolous legal questions—those upon which there is room for legitimate difference of opinion among reasonable, unbiased judges—the differences of decisional proclivities among different judges are always relevant, and the result is that it *does* make a difference which judge decides particular issues. This is an inescapable aspect of a system that depends on human beings for decision. The fact that it is predictable that two judges with different decisional proclivities would decide the same issue differently, as presented by the same parties, does not mean that either judge is biased against one of the parties.

It is also often the case that once a person has formed an opinion of a particular judge, pro or con, he or she also may tend to look for, and pay attention to, only those things that can be interpreted to confirm that opinion. Once this disposition is formed, it is easy enough to "prove" the bias of a judge who has been in office for many years. This "proof" does not create an ethical conflict for the judge.

By recusing myself, I risk that my action will be misconstrued as a tacit admission that defendants' allegation of bias has at least some color of merit. Because the allegation already has been made to other judges and rejected several times in this case, however, this is no longer of great concern. Of greater concern is the risk of it appearing that if the tactics employed by defense counsel are pursued long enough, and with sufficient vigor, they will be suc-

---

1. One of the unfortunate aspects of the adversary system is that questions of law are so often posed and understood by the parties, and their counsel, as matters of "right and wrong." Consequently, when lay persons become aware of judicial decisions with which they do not agree, they are prone to think that

the decision is "wrong," and that it must reflect the personal bias of the judge. For parties who are personally and emotionally involved with the judge's decisions, it is far too easy to conclude that the judge's perceived bias is against them personally.

cessful. This concern is sufficiently compelling that I never even considered recusing myself before the originally scheduled trial date. But for the stay, I would have gone forward with the trial as scheduled.

At least three times before the original trial date, counsel for defendants moved to have this case reassigned for trial. The request was made at least once to judges of the Ninth Circuit in connection with prior interlocutory appeals, and twice to another judge of the district court in motions to disqualify. Defense counsel, backed by apparently unlimited public funds, presumably spent with the approval of their clients, appear to have combed through virtually everything I have done, on the record or off, during my fourteen years as a judge, for the purpose of producing some appearance of truth to the one-sided picture they have chosen to present to their clients, other judges and to the public.

Each time, the motion was denied. Regrettably, the matter has not come to rest, because the defendants have again raised it in the presently pending appeals. Unlike the defendants, the plaintiffs are not backed by public funds. Plaintiffs' lawyers will be paid a statutorily mandated "reasonable fee" by the court only at the end of the case, and only if the plaintiffs prevail in some significant aspect. With each new motion, plaintiffs' counsel have been obliged to divert considerable amounts of effort and resources, without any assurance of recoupment. They have had to comb the records of past cases with which they had nothing to do at the time, and even to find witnesses from such past cases, in order to put in context things repeated out of context, to cure omissions and to rebut outright falsehoods.

If I were to preside over a trial of this case in which plaintiffs were to prevail, on appeal it surely would be urged again that the proceedings had been infected by judicial bias. Again there would be a wasteful diversion of resources and, although minimal, perhaps a risk that the verdict would

be undone. With so little remaining at stake over the identity of the trial judge, I see no interest of justice that would be furthered in allowing any such issue to continue to shroud the real issues involved in this case.

Over the months in which I have been considering this matter, I have refrained from recusing myself, in part, because when I have sought encouragement to do so, it has not been forthcoming. Among those with whom I have discussed the matter are the two district court judges I deemed most familiar with the relevant facts, and best able to help me balance the relevant considerations. Both graciously left the decision entirely to me. Neither, however, suggested that he would recuse himself in comparable circumstances, or that he thought that I should do so in this case. Each indicated a belief, which I share, that hard and unpleasant cases come with the job, and that to be an effective judge requires a thick enough skin to be able to handle abuse with equanimity.

Recent events, however, have changed the balance, as I view it. One of the public official defendants in this case has been nominated for a position on the Ninth Circuit. The nominee is a man of considerable stature whose nomination has been widely supported and acclaimed. Unfortunately, the allegation of bias made by his counsel against me in this case has been made in his name. I have not discussed this allegation with him, and assume that he would not discuss it with other Ninth Circuit judges if the issue were to remain pending. Nevertheless, the situation has changed.

It must be presumed that someone of this stature did not permit allegations to be made in his name of which he was unaware or that he did not believe. The fact that such a belief has no legitimate foundation does not alter the situation. In any event, it appears that the decision the Ninth Circuit will ultimately be asked to

make is whether to force one of their brethren to go to trial before a judge that he believes to harbor a bias against him or his co-defendants. To put this matter to decision would create a situation rife with the potential for misunderstanding, misinterpretation and discord. The interests of justice weigh against having such an unnecessary and undesirable scenario unfold.

Also changing the balance in favor of recusal is that I fear that the passage of time has made it impossible for me to continue to accept with equanimity the manner in which counsel has continued to pursue the claim of bias against me. Through the use of things taken deliberately out of context, omissions, and outright falsehoods, counsel has attacked both my ethics and my personal integrity, in what I believe to be complete bad faith. Those who know me I believe know better than to give credence to these attacks, particularly considering the source. It does not follow, however, that I have not been harmed, nor does it follow that I should or can ignore how the harm was done. The plain fact is that, having avoided it as long as I could, I finally have lost the last vestige of respect for counsel and have become personally offended. Since I cannot disqualify counsel, the time has come for me to disqualify myself.

IT IS HEREBY ORDERED that this case be returned to the case assignment wheel for reassignment.

IT IS SO ORDERED.